STATE OF NORTH CAROLINA v. CURTIS RAY MAY

No. 9127SC1207

(Filed 18 May 1993)

**Constitutional Law § 286 (NCI4th)— guilty plea resulting from ineffective assistance of counsel—harmless error analysis inappropriate**

A trial court may not use a harmless error analysis to determine whether a criminal defendant, who had ineffective assistance of counsel when he pleaded guilty, is entitled to have the plea set aside and to have a jury trial.

**Am Jur 2d, Criminal Law §§ 748, 984.**

Appeal by defendant from judgment entered 31 August 1988 in Lincoln County Superior Court by Judge John Mull Gardner. Heard in the Court of Appeals 1 March 1993.

Defendant was arrested on 18 March 1986, pursuant to a warrant charging him with the murder of Dr. Isak Kohener on or about 22 February 1986. Upon a finding that defendant was indigent, the trial court appointed counsel on 19 March 1986, and co-counsel on 24 July 1986.

On 27 October 1986, defendant appeared before Superior Court Judge Donald Stephens and entered pleas of guilty to second degree murder and armed robbery. The next day the court sentenced defendant to consecutive terms of fifty years for the conviction of second degree murder and thirty years for the conviction of armed robbery.

On 7 May 1987, defendant filed a pro se Motion for Appropriate Relief in which he alleged that his guilty pleas were not intelligent and voluntary, and that they resulted from ineffective assistance of counsel. On 12 May 1988, Superior Court Judge Chase Saunders entered an order directing that new counsel be appointed for defendant, that the State file an answer to the motion, and that an evidentiary hearing be held on the motion.

The evidentiary hearing was held on 9, 10 and 12 November 1987, before Superior Court Judge John Gardner. On 1 September 1988, the court entered an order denying defendant's Motion for

Appropriate Relief. In this order, the court made the following findings of fact:

22. The advice given the Defendant by his attorneys concerning the likelihood that the Defendant would receive the death penalty resulted from an inadequate investigation of the facts and circumstances of the case and an incomplete and faulty analysis of the applicable law, was motivated in part by a desire to protect the attorneys' own personal interests rather than those of their client, was not the product of an informed professional deliberation and was not within the range of competence demanded of attorneys in criminal cases;

23. There is a reasonable probability that but for the attorneys' advice the Defendant would not have pleaded guilty and would have insisted on going to trial;

24. The Defendant's pleas of guilty to second degree murder and armed robbery were neither intelligent nor voluntary;

25. Even if his attorneys had reasonably and competently advised the Defendant of his likelihood of conviction of first degree murder and the likelihood of his receiving a death sentence and the Defendant had remained firm in his conviction to plead not guilty and had gone to trial, Defendant would have been convicted of first degree murder and received a sentence no less severe than that imposed.

Based upon these findings, the court made the following conclusions of law:

1. The Defendant was denied effective assistance of counsel as guaranteed by the United States Constitution and the Constitution of the State of North Carolina;

2. The violation of the Defendant's Constitutional rights was harmless beyond a reasonable doubt . . . .

From this order the defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David N. Kirkman, for the State.*

*Bridges & Gilbert, P.A., by Forrest D. Bridges, for defendant.*

McCRODDEN, Judge.

The sole issue we consider on this appeal is whether a trial court may use a harmless error analysis to determine whether a criminal defendant, who had ineffective assistance of counsel when he pleaded guilty, is entitled to have the plea set aside and to have a jury trial. For the reasons set forth below, we hold that a harmless error analysis is not appropriate, and we reverse the trial court.

In *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, *reh'g denied*, 386 U.S. 987, 18 L.Ed.2d 241 (1967), the United States Supreme Court set forth four principles which must guide us in this case. First, whether a defendant's conviction for a crime will withstand his denial of rights guaranteed by the Federal Constitution is a question that must be answered by reference to federal law. 386 U.S. at 21, 17 L.Ed.2d at 709. Second, not all federal constitutional violations are harmful and, therefore, the basis of relief. 386 U.S. at 22, 17 L.Ed.2d at 709. Third, before a federal constitutional error can be found harmless, the court must be able to determine that such error was harmless beyond a reasonable doubt. 386 U.S. at 24, 17 L.Ed.2d at 710-11. Finally, *Chapman* made clear that the Court's prior opinions had "indicated that there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." 386 U.S. 24, 17 L.Ed.2d 710. Among those cases was *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed.2d 799 (1963), which dealt with a defendant's right to counsel.

Supreme Court opinions since *Chapman* have provided further guidance in determining whether application of the harmless error analysis is appropriate in various situations. In *Holloway v. Arkansas*, 435 U.S. 475, 55 L.Ed.2d 426 (1978), the Court held that, "when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic." 435 U.S. at 489, 55 L.Ed.2d at 437-38. *Holloway* reversed the convictions of several defendants who had received ineffective assistance of counsel at trial due to counsel's conflicting interests among the defendants. The Court noted:

It may be possible in some cases to identify from the record the prejudice resulting from an attorney's failure to undertake certain trial tasks, but even with a record of the sentencing hearing available it would be difficult to judge intelligently

STATE v. MAY

[110 N.C. App. 268 (1993)]

the impact of a conflict on the attorney's representation of a client. And to assess the impact of a conflict of interest on the attorney's options, tactics, and decisions in plea negotiations would be virtually impossible. Thus, an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation.

*Id.* at 490-91, 55 L.Ed.2d at 438.

We believe that *Holloway* is analogous to the case before us and that it is not altered by *Arizona v. Fulminante*, 499 U.S. ---, 113 L.Ed.2d 302, *reh'g denied*, --- U.S. ---, 114 L.Ed.2d 472 (1991). In that case, a majority of the Supreme Court applied a harmless error analysis to defendant's coerced confession. The majority noted that since *Chapman*, the Court had applied the analysis to "a wide range of errors and has recognized that most constitutional errors can be harmless." 499 U.S. ---, 113 L.Ed.2d at 329. After citing numerous cases to support this statement, the Court concludes that "[t]he common thread connecting these cases is that each involved 'trial error'—error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." 499 U.S. ---, 113 L.Ed.2d at 330. The majority in *Fulminante* contrasted these cases with cases involving "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards." 499 U.S. ---, 113 L.Ed.2d at 331.

In defendant May's case, the trial court found that defendant's ineffective assistance of counsel led to his decision to enter guilty pleas. It made this finding after holding extensive hearings in order to rule on defendant's motion for appropriate relief. In so doing, the court had a preview of the evidence that would have been presented at trial and, in light of such evidence, made its determination that counsel's ineffective assistance was harmless beyond a reasonable doubt. As thorough as the hearings may have been, they were no substitute for a trial by jury.

There are essentially two ways in which a defendant may be deprived of his liberty consistent with Due Process: by verdict of a jury following a trial at which he was allowed to present a defense; or by a knowing, intelligent and voluntary plea of guilty. *Henderson v. Morgan*, 426 U.S. 637, 49 L.Ed.2d 108 (1976) (White, J., concurring). In this instance the trial court, having specifically

determined that defendant's guilty plea was not in fact voluntary, was not free to engage in "unguided speculation," understandable as that may be. It had no choice but to afford defendant the opportunity to have a trial by jury.

In attempting to respond to defendant's brief, the State has argued that the trial court's determination that defendant was denied effective assistance of counsel was flawed and that counsel, having used the court's own analysis to recommend that defendant enter his plea, was not ineffective. The trial court's findings of fact, however, are supported by competent evidence and, in turn, support the conclusion that defendant was denied effective assistance of counsel. We decline to disturb those findings. *State v. Prevette*, 43 N.C. App. 450, 452, 259 S.E.2d 595, 598 (1979), *disc. rev. denied*, 299 N.C. 124, 261 S.E.2d 925, *cert. denied*, 447 U.S. 906, 64 L.Ed.2d 855 (1980).

Finally we note that our determination that defendant's plea must be set aside is a double-edged sword. On remand, the State may elect to try defendant on the first degree murder charge for which defendant was indicted. *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656 (1969).

The order of the trial court is reversed, and this case is remanded for trial.

Reversed and remanded.

Chief Judge ARNOLD and Judge GREENE concur.